# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Holly Marie Wood, | Case No. 2:20-cv-2329-APG-BNW |
| Plaintiff, | **Order re [18]** |
| v. | |
| Carl's Jr., et al. | |
| Defendants. | |

Before the Court is plaintiff Holly Marie Wood's motion for service by publication and to enlarge the time for service. ECF No. 18. The Court finds that Wood does not meet the requirements for service by publication but that there exists good cause for the requested extension. Therefore, the motion will be granted in part and denied in part.

**I.      Background**

This is a civil rights employment discrimination, sexual assault, and battery action brought by Wood for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. ("Title VII"), Nevada Revised Statute ("NRS") § 613.310 et. seq., and supplemental claims under Nevada law, including, sexual assault and false imprisonment claims.

Wood has been unable to serve defendant Rucey Molina Cruz. ECF No. 18. Wood initiated this lawsuit on September 18, 2020. For nearly a month, the process server, Ms. Rojas, attempted without success to locate defendant Cruz. ECF No. 18-1 at 3. Her efforts included the following:

   1) Making five (5) personal service attempts at the residence located at 3146 Blackford Court, Las Vegas, Nevada 89120 and leaving business card contact information at said

address;

2) Performing database searches of vehicles parked at the residence address located at 3146 Blackford Court, Las Vegas, Nevada 89120;

3) Performing additional Database Tracers searches for a current address and/or phone number for Rucey Molina Cruz and attempting service at another residential address at 3140 Hartford Court, Las Vegas, Nevada 89102 (defendant Cruz's last-known address);

4) Attempting service at the residential address at 3140 Hartford Ct., Las Vegas, Nevada 89102, whereupon plaintiff's process server was contacted by an individual named "Salina Molina," who stated to plaintiff's process server that defendant Rucey Molina Cruz was her "brother" and "he no longer lives with her as he was deported some time ago."

5) Performing a search for Rucey Molina Cruz via Clark County Assessors website, Nevada Voters Registration, Nevada Secretary of State, Clark County Business License, Las Vegas Business License, North Las Vegas Business License, and Clark County Fictitious Names searches.  No records were found for defendant Rucey Molina Cruz;

6) Performing a search of records for Rucey Molina Cruz at Clark County Detention Center, Nevada Department of Corrections, City of Las Vegas Department of Corrections, Henderson Department of Corrections, and the Federal Department of Prisons with no records found for Cruz;

7) Performing a search for Rucey Molina Cruz with Clark County Justice and District Courts, City of Las Vegas Courts, and Henderson Courts with no records found for Cruz;

8) Performing a records search for Rucey Molina Cruz with the Clark County Marriage Records, Divorce Records, and Clark County Recorder's office, with one record found;

9) Performing an online internet search for Rucey Molina Cruz, which produced a possible address at 3140 Hartford Court, Las Vegas, Nevada 89102;

10) Contacting the Nevada Department of Motor Vehicles for current records for Rucey Molina Cruz, with no current records founds.

ECF No. 18-1, p.3.

**II.      Service by publication**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

Yet, based on Plaintiff's representations, it is not clear to the court whether Cruz still resides in the United States (and is avoiding service of process) or if he has been removed from the country, as declared by the process server based on information she received (supposedly form Cruz's sister). Thus, the court does not have sufficient information to know whether to conduct this inquiry by applying FED. R. CIV. P. 4(e) or whether to apply FED. R. CIV. P. 4(f), which governs service of individuals in a foreign country.

Notably, even if the court were to apply FED. R. CIV. P. 4(e) and, in turn NRCP 4.4(c),[1] the Court would still have insufficient information as to whether the service methods provided in NRCP 4.3(b) [2] are impracticable.

In sum, the Court will deny Plaintiff's motion because she failed to establish whether Cruz is in the United States or not and, as a result, the proper procedure this court is to follow. Plaintiff is free to re-file the request for service by alternative means (and request expedited treatment if

---

[1] NRCP 4.4(c) provides that "if a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication."

[2] NRCP 4.3(b) provides the means for service for individuals who do not reside in the United States.

she deems it proper), but she must do so by March 19, 2021, and include the information currently lacking so the court knows which provision must be followed.

### III. ENLARGING TIME FOR SERVICE

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether there exists good cause, the Court can analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that Plaintiff has shown good cause for its requested extension. Plaintiff filed her complaint in state court on September 18, 2020 ,and had (under NRCP 4(e)(1)) 120 days, or until January 16, 2021, to serve Cruz. NRCP 4(e)(1). While federal courts only allow 90 days for service of process, based on the information provided by the process server, plaintiff has been diligent in her attempts to locate and serve Cruz ever since November 24, 2020.

The first *Sheehan* factor weighs against good cause because the record does not evince that Cruz received actual notice of the lawsuit. However, this lawsuit is still in its infancy and has not advanced beyond the pleading stage. Further, this is plaintiff's first requested extension. Thus, the Court finds that the second factor weighs in favor of good cause because defendants will not be prejudiced by the extension. Plaintiff's motion does not speak to the prejudice she would suffer if the Court declined to enlarge the time for service, so the Court will construe this factor against her. Still, the Court in its discretion finds that Plaintiff's diligence, coupled with

the lack of prejudice that defendants would suffer, constitutes good cause for the requested extension.

Because the Court finds that there is good cause at the first step, the Court need not advance to the second step.

**IV.  Conclusion.**

IT IS THEREFORE ORDERED that Wood's motion (ECF No. 18) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that if Wood wishes to file another motion requesting service by alternative means, she must do so by March 19, 2021.

IT IS FURTHER ORDERED that the deadline for service upon Cruz is extended up to and including 60 days following the issuance of this order.

DATED: February 19, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE