# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Holly Marie Wood, | Case No. 2:20-cv-2329-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Carl's Jr., et al., | |
| Defendants. | |

Before the Court is a motion by plaintiff Holly Marie Wood for an order extending the time for service upon defendant Rucey Molina Cruz and authorizing that service through the Hague Convention. ECF No. 42. Cruz appears to be a citizen of Mexico, as that is the country he was removed to after serving a sentence for a criminal case. *Id* at 3.

The Federal Rules of Civil Procedure do not require prior Court authorization to serve a defendant via the Hague Convention under Rule 4(f)(1). Instead, prior Court authorization is necessary only if a litigant seeks to effect service "by other means not prohibited by international agreement, as the court orders" under Rule 4(f)(3). Therefore, this part of Wood's motion will be denied as moot. However, Wood has established good cause for an extension of the time for service, and this part of the motion will be granted.

### I.     Service under Rule 4(f)(1)

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be

reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(f) governs service on an individual in a foreign country. It offers three means of effecting service. Specifically, "[u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed" can be served in a foreign country by: (1) internationally agreed means of service, "such as those authorized by the Hague Convention,"; (2) a method of service reasonably calculated to give notice "if there is no internationally agreed means, or if an international agreement allows but does not specify other means"; and (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

Plaintiff's motion seeks authorization to effect service upon Cruz under Rule 4(f)(1). However, no such authorization is required. To be sure, Rule 4(f)(3) requires Court authorization because of the "as-the-court-orders" language therein. *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 1014) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement."). But the "as-the-court-orders" language is absent from Rule 4(f)(1). Instead, "Rule 4(f)(3) is one of three separately numbered sections in Rule 4(f)," and each numbered section "stands independently, on equal footing." *See id.* at 1015.

If plaintiff were seeking authorization to serve plaintiff "by other means not prohibited by international agreement" under Rule(f)(3), then plaintiff would have to "obtain ***prior*** court approval for the alternative method of serving process." *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (emphasis added). However, plaintiff seeks to effect service through the Hague Convention under Rule 4(f)(1), and the Court's authorization is not required. Therefore, plaintiff's motion will be denied to this extent.

**II.     Enlarging the time for service**

This court previously extended the deadline to serve Cruz until April 20, 2021. ECF No. 27. That deadline has now lapsed. Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). The Court "must"—on motion or on its

own—extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty.*, Cal., 820 F.2d 319, 320 (9th Cir. 1987). The Court in its discretion finds Plaintiff has been diligent in her attempt to serve Cruz as evidenced by the recitation of efforts on pages 1-5 of his motion. The Court will therefore extend the time for service by 180 days from the date of this order.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 42) is GRANTED in part and DENIED in part. The deadline for service upon defendant Cruz is extended up to and including 180 days from this order. The motion is otherwise DENIED as moot.

DATED: May 5, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE