J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
*Attorneys for Defendants*
*Carl's Jr. Restaurants LLC, CKE Restaurants*
*Holdings, Inc., CKE Restaurants, Inc. and*
*Carl Karcher Enterprises, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HOLLY MARIE WOOD,<br><br>                  Plaintiff,<br><br>v.<br><br>CARL'S JR., operated and owned by BTO INVESTMENTS, a Delaware corporation; S.L INVESTMENTS, a Nevada corporation; CKE RESTAURANTS, INC., a Delaware Corporation; CARL'S JR. RESTAURANTS HOLDINGS, INC., a foreign corporation; RUCEY MOLINA CRUZ, an individual; DOES 1-10, inclusive; ROE CORPORATIONS/ ENTITIES 1-10 inclusive,<br><br>                  Defendants. | CASE NO: 2:20-cv-2329-APG-BNW |

**DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**

COME NOW Defendants CARL'S JR. RESTAURANTS LLC, CKE RESTAURANTS, INC., CKE RESTAURANTS HOLDINGS, INC., CARL KARCHER ENTERPRISES, INC. (collectively, "CKE"), BTO INVESTMENTS, and S.L. INVESTMENTS, by and through their respective counsel of record, and hereby file this Joint Motion for Protective Order. This Motion

1

is made and based upon the following Memorandum of Points and Authorities submitted in support hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

Plaintiff claims Defendants are in violation of Title VII of the Civil Rights Act of 1964 based on alleged discrimination arising from the sexual harassment, sexual assault, and battery of Plaintiff by Defendant Rucey Cruz. Plaintiff Holly Marie Wood began her employment at Carl's Jr. located at 1440 West Cheyenne Avenue in North Las Vegas, Nevada in August 2018. Plaintiff claims soon after her hire date, another Carl's Jr. employee, 33-year-old Rucey Molina Cruz, sexually harassed and assaulted her.

It is Defendants' position that relevant documentation and discovery sought in this action requires the production of certain confidential, business, commercial, personnel, and financial information, as well as other confidential information, and that Defendants have a legitimate need to protect the confidentiality of such information. Plaintiff specifically requested that Defendants produce a copy of the applicable Franchise Agreement between CKE and S.L. Investments, Inc., (subsequently assigned to BTO Investments). Defendants have objected to the production of this document until such time that an appropriate Protective Order is entered to protect Defendants' confidential and proprietary information. Defendants have proposed and agreed to a Stipulated Protective Order, but Plaintiff will not agree.

In Plaintiff's Second Supplemental 26(a)(1) Disclosure, she produced a sample franchise agreement titled "Sample 'Form of Carl's Jr. Restaurant Franchise Agreement' 'Carl's Jr. Restaurant Franchise Agreement' available" on the internet.[1] While this may be a "sample" franchise agreement, the actual Franchise Agreement between CKE and S.L. Investments, Inc.

---

1 https://www.sec.gov/Archives/edgar/data/919628/000091962812000005/cke-05212012_ex102x10q.htm

KNW 27080

(BTO Investments), discusses specific terms including the franchise fee, royalty fees, advertising and promotion obligations, and ownership interests as included in Appendix A through D of the agreement. The sample agreement produced by Plaintiff was not executed and the appendixes regarding fees and ownership interests are blank. Defendants therefore seek entry of a Protective Order to prevent the actual Franchise Agreement and Appendixes and other confidential information from being publicly available or distributed, as necessary to protect Defendants' proprietary and financial information.

## II. ARGUMENT

Courts generally recognize a right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). There is a strong "presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access "promotes the public's understanding of the judicial process and of significant public events." *Murname v. Las Vegas Metro. Police Dep't*, 2015 WL 5638224, at *1 (D. Nev. Sept. 24, 2015) (citing *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted).

The common law right of access is, however, not absolute and is premised upon a specific rationale that should guide its application. *Nixon*, 435 U.S. at 598. The United States District Court in Nevada has held that it is "well-established that the court has the authority to shield proprietary information related to the ongoing operations of a business from public review." *Selling Source v. Red River Ventures*, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011). "Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Id*. at *6.

The Ninth Circuit Court of Appeals has adopted the Restatement's definition of "trade secret." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013), citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). Under this definition, a trade secret is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id*. (quoting Restatement (First) of Torts § 757, cmt. b (1939)). The First Restatement states:

> An exact definition of a trade secret is not possible. Some factors to be considered in determining whether given information is one's trade secret are: (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Id*. Defendants maintain that the information sought and discovery to be sought meets the factors of the Restatement.

**A. The Specific Terms of Defendants' Franchise Agreement are Proprietary and Not Readily Available nor Accessible to the Public Satisfying the First, Second, and Third Factors of the Restatement**

The Franchise Agreement and relevant Appendixes between CKE and S.L. Investments (subsequently assigned to BTO Investments) contains confidential and financial information that is not readily available nor accessible to the public. During discussions regarding the proposed Stipulated Protective Order, Plaintiff claimed that Carl's Jr. Franchise Agreement was not confidential and could be accessible to the public on the internet. On September 9, 2021, Plaintiff served her Second Supplemental List of Witnesses and Production of Documents which included a "sample" form of Carl's Jr. Restaurant Franchise Agreement. Notably, the sample agreement disclosed by Plaintiff was blank and did not include specific information regarding franchise and royalty fees, advertising and promotion obligations, nor ownership interests.

The specific terms of the subject agreement are not available to the general public, making the agreement *de facto* guarded. The only parties privy to the specific financial terms and obligations of the Franchise Agreement are the parties identified within that agreement, specifically the Defendants. If the specific Franchise Agreement were available on the internet, then Plaintiff's request for production of that document seems unwarranted and Plaintiff would arguably have produced the specific agreement rather than a "sample." Defendants have therefore asked that a Stipulated Protective Order be entered in this case, limiting the dissemination of this information to those parties and designated representatives involved in this litigation. Defendants seek to maintain the confidential nature of this agreement and the financial information contained therein, and therefore request that a Protective Order be entered.

**B. The Financial Information Contained Within the Franchise Agreement is Valuable to Defendants, Was Based on Negotiations Between Defendants, and Could be Easily Acquired by Others Without a Protective Order**

The subject Franchise Agreement includes terms regarding the details of the contract between CKE and S.L. Investments (subsequently transferred to BTO Investments), such as fees and obligations of each participating party, including specific financial information and obligations. This information is unquestionably valuable to Defendants and could potentially be valuable to Defendants' competitors by allowing them specific information as to franchise and royalty fees and specific obligations. Further, the subject Franchise Agreements and subsequent Assignment Agreement are the result of time, negotiations, and financial investment by Defendants. If this information was disclosed without appropriate protection, it could prejudice Defendants in future negotiations or agreements with other, unrelated entities. Investments and franchise ventures are aggressive business environments and with companies constantly competing for the best deal, and confidentiality is an invaluable element. Once publicly available, Defendants would have no recourse or way to subsequently protect their financial

information. Defendants have therefore met the remaining factors identified in the First Restatement and request that a Protective Order be entered before Defendants are required to provide the specific Franchise Agreement and related assignment or franchise documents.

### III. CONCLUSION

Based upon the foregoing, Defendants respectfully requests the instant motion be granted and a Protective Order be entered to protect Defendants' confidential and proprietary franchise and financial information.

| | |
|---|---|
| Dated this 12th day of October 2021 | Dated this 12th day of October 2021 |
| ALVERSON TAYLOR & SANDERS | GORDON REES SCULLY MANSUKHANI |
| _____ | /s/ Rachel L. Wise_____ |
| KARIE N. WILSON, ESQ. | ROBERT S. LARSEN, ESQ. |
| Nevada Bar No. 7957 | Nevada Bar No. 7785 |
| 6605 Grand Montecito Parkway, Suite 200 | rlarsen@grsm.com |
| Las Vegas, NV 89149 | RACHEL L. WISE, ESQ. |
| 702-384-7000 Phone | Nevada Bar No. 12303 |
| 702-385-7000 Fax | rwise@grsm.com |
| *Attorneys for Defendants* | 300 S. 4th Street |
| *Carl's Jr. Restaurants LLC, CKE Restaurants* | Suite 1550 |
| *Holdings, Inc., CKE Restaurants, Inc. and* | Las Vegas, Nevada 89101 |
| *Carl Karcher Enterprises, Inc.* | *Attorneys for Defendant* |
| | *SL Investments* |

Dated this 12th day of October 2021

LEWIS BRISBOIS BISGAARD & SMITH

*/s/ Jesselyn De Luna*_____
JOSH COLE AICKLEN, ESQ.
Nevada Bar No. 7254
josh.aicklen@lewisbrisbois.com
JESSELYN DE LUNA, ESQ.
Nevada Bar No.15031
Jesselyn.DeLuna@lewisbrisboi.com
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*
*Carl's Jr. and BTO Investments, Inc.*

**Order**

IT IS ORDERED that ECF No. 57 is DENIED without prejudice for failure to follow Local Rule 26-6(c).

IT IS SO ORDERED
DATED: 10:27 am, October 13, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

KNW 27080

# CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 12th day of October, 2021, service of the above and foregoing **DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

| | |
|---|---|
| Paul S. Padda, Esq.<br>Nevada Bar No. 10417<br>psp@paulpaddalaw.com<br>Tony L. Abbatangelo, Esq.<br>Nevada Bar No. 3897<br>tony@paulpaddalaw.com<br>PAUL PADDA LAW, PLLC<br>4030 S. Jones Boulevard<br>Unit 30370<br>Las Vegas, Nevada 89173<br>*Attorneys for Plaintiffs* | Josh Cole Aicklen, Esq.<br>Nevada Bar No. 7254<br>josh.aicklen@lewisbrisbois.com<br>Jesselyn De Luna, Esq.<br>Nevada Bar No.15031<br>Jesselyn.DeLuna@lewisbrisboi.com<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendants BTO Investments, Inc.* |

Robert S. Larsen, Esq.
Nevada Bar No. 7785
rlarsen@grsm.com
Rachel L. Wise, Esq.
Nevada Bar No. 12303
rwise@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
300 S. 4th Street
Suite 1550
Las Vegas, Nevada 89101
*Attorneys for S.L. Investments*

_____
Employee of ALVERSON TAYLOR & SANDERS

k:\z-client\27080\pleadings\mtn protective order.docx

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KNW 27080