UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Holly Marie Wood,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Carl's Jr., *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-02329-APG-BNW<br><br>**ORDER re ECF Nos. 65 and 66** |

　　　　Presently before the Court are Defendant S.L. Investments' motions to seal. ECF Nos. 65 and 66. These motions have not been opposed.

**I.　Legal Standard**

　　　　Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached

documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1179).

**A.  Plaintiffs' Motion to Seal (ECF No. 65)**

Here, Defendant's motion to seal seeks to seal Exhibit A to the Reply in Support of Its Motion for Sanctions. The exhibit in question is currently filed under seal at ECF No. 66. This is related to a non-dispositive motion, and it is not more than tangentially related to the merits of the case. Accordingly, the good cause standard applies to whether these documents (a declaration and leases) should be sealed.

Defendant seeks to seal these documents because they consist of a letter denying insurance coverage which contains information that is sensitive to S.L. Investments as well as potential claims it may seek against others.

Based on the argument provided, the Court does find good cause exists to seal these documents.

**B.  Plaintiffs' Motion to Seal (ECF No. 66)**

Here, Defendant's motion to seal seeks to seal its Reply in Support of Its Motion for Sanctions. The reply in question is currently filed under seal at ECF No. 66 and also filed in the public docket at ECF No. 64. It is not clear to the Court whether Defendant intends to seal the reply or not. It would not appear to be the case as (1) Defendant does not provide any points and authorities explaining the need to do so, and (2) the reply, as noted previously, is filed in the public docket.

Thus, the Court denies ECF No. 66 without prejudice.

**II. Conclusion and Order**

**IT IS THEREFORE ORDERED** that Defendant S.L. Investments' Motion to Seal (ECF No. 65) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant S.L. Investments' Motion to Seal (ECF No. 66) is **DENIED**.

DATED: November 23, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE