JOSH COLE AICKLEN
Nevada Bar No. 7254
JESSELYN V. DE LUNA
Nevada Bar No. 15031
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL:  702.893.3383
FAX: 702.893.3789
josh.aicklen@lewisbrisbois.com
jesselyn.deluna@lewisbrisbois.com
Attorneys for Defendant
BTO INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLLY MARIE WOOD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARL'S JR., operated and owned by BTO INVESTMENTS, a Delaware corporation; S.L. INVESTMENTS, a Nevada corporation; CKE RESTAURANTS, INC., a Delaware corporation; CARL'S JR. RESTAURANTS, LLC, a foreign limited liability company; CARL KARCHER ENTERPRISES, INC., a foreign corporation; CKE RESTAURANTS HOLDINGS, INC., a foreign corporation; RUCEY MOLINA CRUZ, an individual; DOES 1 through 10, inclusive; ROE CORPORATIONS/ENTITIES 1 through 10, inclusive;<br><br>Defendants. | CASE NO: 2-20-cv-02329-APG-BNW<br><br><br>**AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER (FOURTH REQUEST)**<br><br>*SPECIAL SCHEDULING REVIEW REQUESTED* |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26 and Local Rule 26-1, the parties in this action submit the following Amended Stipulated Discovery Plan and Scheduling Order (Fourth Request) subject to the Court's review and approval:

///

4874-7003-2899.2

I.

## INITIAL MATTERS

### A. Meeting Between The Parties' Counsel

Pursuant to FRCP 26(f), the undersigned parties, by and through their respective counsel, conferred on December 17, 2021. Paul S. Padda, Esq. represented Plaintiff Holly Marie Wood; Marcus Lee, Esq. and Jesselyn De Luna, Esq. represented Defendant BTO Investments, Inc.; Rachel Wise, Esq. represented Defendant S.L. Investments; and Julio Garcia, Esq. represented Defendants Carl's Jr. Restaurants, LLC, CKE Restaurants Holdings, Inc., CKE Restaurants, Inc., and Carl Karcher Enterprises, Inc. (hereinafter, the "CKE Defendants").

### B. The Parties' Position On Alternative Dispute Resolution

The parties hereby certify that they communicated regarding the possibility of resolution of this case through means of alternative dispute resolution (i.e. arbitration, mediation, early neutral evaluation). An Early Neutral Evaluation session was held in this case on March 10, 2021 (ECF No. 36) but was unsuccessful. A mediation was conducted with the Honorable Jennifer P. Togliatti (Ret.) on November 8, 2021, but was unsuccessful.

### C. The Parties' Position On Trial By United States Magistrate Judge And/Or Short Trial Program

Pursuant to FRCP 73, a United States Magistrate Judge may "conduct a civil action or proceedings" if "all parties consent." The parties, by and through their respective counsel, are in agreement that this case should proceed on the normal track with the currently assigned United States District Judge presiding.

II.

## DISCOVERY COMPLETED

The parties have conducted the following discovery to date:

1. Plaintiff served her Initial Disclosures on March 3, 2021;

2. Defendant BTO Investments, Inc. served its Initial Disclosures on March 5,



2021;

3. CKE Defendants served their Initial Disclosures on March 3, 2021;

4. Defendant BTO Investments, Inc. propounded its First Set of Interrogatories and First Set of Requests for Production to Plaintiff on March 25, 2021;

5. Plaintiff served her First Supplement to Initial Disclosures on April 26, 2021;

6. Plaintiff served her Responses to Defendant BTO Investments, Inc.'s First Set of Interrogatories and First Set of Requests for Production on April 26, 2021;

7. Plaintiff propounded her First Set of Interrogatories and First Set of Requests for Production to Defendant BTO Investments, Inc. on April 27, 2021;

8. CKE Defendants served their First Supplement to Initial Disclosures on April 30, 2021;

9. CKE Defendants propounded their First Set of Interrogatories and First Set of Requests for Production to Plaintiff on June 10, 2021;

10. Defendant S.L. Investments served Initial Disclosures on June 19, 2021;

11. Defendant BTO Investments, Inc. served its First Supplement to Initial Disclosures on June 25, 2021;

12. Defendant BTO Investments, Inc. served its Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production on June 25, 2021;

13. Plaintiff served her Responses to the CKE Defendants' First Set of Interrogatories and First Set of Requests for Production on July 12, 2021;

14. Plaintiff propounded her Second Set of Interrogatories to Defendant BTO Investments, Inc. on July 28, 2021;

15. Plaintiff propounded her First Set of Requests for Production to Defendant S.L. Investments on July 28, 2021;

16. Defendant S.L. Investments propounded its First Set of Requests for Admissions to Defendant BTO Investments, Inc. on August 6, 2021;

17. CKE Defendants served their Second Supplement to Initial Disclosures on August 24, 2021;

18. Defendant BTO Investments, Inc. served its Responses to Plaintiff's Second Set of Interrogatories on August 27, 2021;

19. CKE Defendants served their Third Supplement to Initial Disclosures on September 2, 2021;

20. Defendant BTO Investments, Inc. served its Responses to S.L. Investments' First Set of Requests for Admissions on September 7, 2021;

21. Plaintiff served her Second Supplement to Initial Disclosures on September 9, 2021;

22. Plaintiff served her Third Supplement to Initial Disclosures on September 20, 2021;

23. Plaintiff served her First Supplemental Responses to Defendant BTO Investments, Inc.'s First Set of Interrogatories and First Set of Requests for Production on September 21, 2021;

24. Defendant BTO Investments, Inc. served its Second Supplement to Initial Disclosures on October 1, 2021;

25. Defendant BTO Investments, Inc. served its First Supplemental Responses to Plaintiff's First Set of Requests for Production on October 1, 2021;

26. Plaintiff Holly Wood was deposed on October 8, 2021;

27. Defendant BTO Investments, Inc. served its First Supplemental Responses to Plaintiff's First Set of Interrogatories on October 15, 2021.

28. BTO District Manager was deposed on October 29, 2021;

29. Plaintiff served her Fourth Supplement to Initial Disclosures on October 29, 2021; and

30. Celene Molina was deposed on December 17, 2021.

## III.

## AREAS OF DISCOVERY

The undersigned parties agree that the areas of discovery should include, but not be limited to, all claims and defenses permitted by the Federal Rules of Civil Procedure,



4874-7003-2899.2                          4

including issues of liability and damages.

## IV.

## DISCOVERY DEADLINES

Local Rule 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred and eighty (180) days from the date the first defendant answers or appears will require special scheduling review."  On February 23, 2021, the Court granted the parties' Proposed Discovery Plan and Scheduling Order, approving the parties' request for a 240-day discovery period, as reasonable and necessary, in light of the impact of the COVID-19 pandemic. (Doc. 30).  On June 25, 2021, the Court granted the parties' Amended Plan and Scheduling Order, approving the parties' request that an additional 90 days be added to the discovery period, for a total of 330 days, based on certain extenuating circumstances, including the unsuccessful Early Neutral Evaluation on March 10, 2021, followed by entry of Defendant S.L. Investments into the suit, the withdrawal of CKE Defendants' former attorneys and the appearance of their current attorneys, the pending service of Defendant Rucey Molina Cruz, written discovery extensions, the continuation of Plaintiff's deposition, the anticipated need for the depositions of additional fact witnesses and Plaintiff's treating physicians, and inadvertent errors in the calculation of the original Order.  (Doc. 48).  On September 8, 2021, the Court granted the parties' Amended Plan and Scheduling Order (Second Request), approving the parties' request that an additional 60 days be added to the discovery period, for a total of 390 days, based on extenuating circumstances, including a pending mediation, new handling attorneys for Defendant BTO Investments, Inc., the pending service of Defendant Rucey Molina Cruz, and the anticipated need for the depositions of additional fact witnesses and Plaintiff's treating physicians. (Doc. 55).  The Court granted the parties' request that an additional 30 days be added to the discovery period, for a total of 420 days, based on extenuating circumstances, including delays related to an unsuccessful mediation, the potential need for an independent medical examination and expert(s) to opine on possible apportionment of emotional distress damages; the

rescheduling of certain depositions, and the anticipated need for the depositions of additional fact witnesses and expert witnesses.  (Doc. 69).

The parties now propose that an **additional 30 days** be added to the 420-day discovery period, for a total of **450 days**.  The parties have been diligently working to complete discovery in accordance with the current deadlines.  However, certain factors have necessitated an extension of the current deadlines.  Though the parties recognize the Court's disinclination to grant another extension, the parties contend that the following factors constitute good reason.

First, due to a medical issue, Plaintiff's expert, Michael Elliott, Ph.D., needs additional time to finalize his initial report.

Second, the parties also anticipate the need for the depositions of additional fact witnesses and expert witnesses.  The parties anticipate that coordinating these depositions and accommodating the work and vacation schedules for the witnesses and the attorneys involved is expected to necessitate additional discovery time, especially during the holiday season and COVID-19 pandemic.

For all these reasons, the parties respectfully request that the applicable discovery deadlines be extended an additional 30 days.  Upon a showing of good cause, this Court is authorized to modify the discovery schedule.  See, FRCP 6(b)(1)(A); LR 26-4.  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Based upon the date the first Defendant answered or otherwise appeared (December 23, 2020) (Doc. 1), the undersigned parties hereby propose the following discovery schedule pursuant to the LR 26-1 (April 17, 2020):

///

///

///

///

///

| Current Discovery Plan & Scheduling Order | | *Proposed* Amended Discovery Plan & Scheduling Order |
|---|---|---|
| **Event** | **Current Deadline** | **Proposed Deadline** |
| **Discovery Cut-Off** | February 16, 2022 (Wednesday) | March 18, 2022 (Friday)<br><br>[450 Days from date first defendant answers or appears – LR 26-1(b)(1)] |
| **Amending Pleadings Adding Parties** | November 18, 2021 (Thursday) | CLOSED<br><br>[90 Days Before Close of Discovery – LR 26-1(b)(2)] |
| **Initial Expert Disclosures** | December 17, 2021 (Friday) | January 17, 2022 (Monday)<br><br>[60 Days Before Close of Discovery – LR 26-1(b)(3) is a Saturday, 12/18/21] |
| **Rebuttal Expert Disclosures** | January 17, 2021 (Monday) | February 16, 2022 (Wednesday)<br><br>[30 days after the Initial Disclosure of Experts - LR 26-1(b)(3) is a Sunday, 1/16/21] |
| **Dispositive Motions** | March 18, 2022 (Friday) | April 18, 2022 (Monday)<br><br>[30 Days After Close of Discovery – LR 26-1(b)(4) – is a Sunday 4/17/22] |
| **Pre-Trial Order** | April 18, 2022 (Monday) | May 18, 2022 (Wednesday)<br><br>[30 Days After the Dispositive Motion Deadline - LR 26-1(b)(5)] |

With respect to the Pre-Trial Order, if dispositive motions are filed, the deadline for filing a Joint Pre-Trial Order will be suspended until 30-days after a decision on the dispositive motion(s) is/are rendered or until further Court notice. <u>See</u>, Local Rule 26-1 (b)(5).

## V.
## DISCOVERY DEADLINES

If the Court has questions regarding the dates proposed by the parties, the parties request an opportunity for a conference with the Court before entry of this proposed amended Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court. All written discovery previously served with responses that are otherwise outstanding shall not be affected by any subsequent amended Order, unless the parties agree otherwise in writing.

## VI.
## EXTENSIONS OR MODIFICATIONS OF DISCOVERY DATES

This Court's Local Rule 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. According to the rule, "[a]ll motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the court no later than twenty-one (21) days before the expiration of the subject deadline."

## VII.
## FORMAT OF DISCOVERY

Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the undersigned parties addressed the e-discovery issues pertaining to the format of discovery at the FRCP 26(f) conference. The parties agree that to the extent electronic discovery is requested or produced, such discovery shall be carried out in accordance with the procedures set forth in FRCP 34(b) and 26(b).

///
///
///

## VIII.
## DISCOVERY DISPUTES

All discovery disputes in this case shall be governed by the provisions of Local Rule 26-6. The parties agree to employ good faith efforts to resolve all discovery disputes prior to seeking intervention by the Court.

## IX.
## PRESENTATION OF ELECTRONIC EVIDENCE TO A JURY

The parties certify that they communicated whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

| Respectfully Submitted by: | Respectfully Submitted by: |
|---|---|
| **PAUL PADDA LAW** | **LEWIS BRISBOIS BISGAARD & SMITH** |
| */s/ Paul S. Padda*<br>PAUL S. PADDA, ESQ.<br>Nevada Bar No. 10417<br>TONY L. ABBATANGELO, ESQ.<br>Nevada Bar No. 3897<br>4560 S. Decatur Boulevard, Ste. 300<br>Las Vegas, Nevada 89103<br>*Attorneys for Plaintiffs*<br><br>Dated: December 17, 2021. | */s/ Josh Cole Aicklen*<br>JOSH COLE AICKLEN<br>Nevada Bar No. 7254<br>JESSELYN V. DE LUNA<br>Nevada Bar No. 15031<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendant BTO Investments, Inc.*<br><br>Dated: December 17, 2021. |

## Order

**IT IS SO ORDERED**

**DATED:** 4:01 pm, December 20, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE